UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,          )<br>                                                           )<br>                       Plaintiff,         )<br>                                                           )<br>          vs.                                        )<br>                                                           )<br>PAUL J. EVANS,                              )<br>                                                           )<br>                       Defendant.     )<br>_____ ) | No. CR-04-2053-LRS<br><br>**ORDER STAYING**<br>**28 U.S.C. §2255 MOTION** |

     The Defendant has filed a 28 U.S.C. §2255 Motion To Vacate Or Set Aside Conviction (Ct. Rec. 102), accompanied by a supporting memorandum (Ct. Rec. 103).

     On July 1, 2004, the Honorable Alan A. McDonald entered an order denying the Defendant's motion to suppress, finding that the application for a search warrant of the Defendant's residence provided probable cause to support issuance of the warrant. Defendant subsequently entered a conditional plea of guilty to possession of child pornography, preserving his right to appeal the order, and was sentenced to a period of 70 months incarceration. On October 8, 2004, Defendant filed an appeal with the Ninth Circuit Court of Appeals. After the matter was argued on December 7, 2005 before a three-judge panel, the Ninth Circuit issued an order on December 14, 2005, withdrawing submission of the

**ORDER STAYING**
**28 U.S.C. §2255 MOTION-            1**

case and deferring the same pending the issuance of a mandate in *United States v. Gourde*, 03-30262. The panel deferred its decision pending the Ninth Circuit's *en banc* decision in *Gourde*.

On September 2, 2004, a panel of the Ninth Circuit issued a decision in *Gourde*, 382 F.3d 1003 (9th Cir. 2004), reversing a defendant's child pornography conviction on Fourth Amendment grounds. On July 14, 2005, the Ninth Circuit granted *en banc* review in *Gourde*. 416 F.3d 961 (9th Cir. 2005). On March 9, 2006, the Ninth Circuit issued its *en banc* decision which overturned the panel decision. 440 F.3d 1065 (9th Cir. 2006).

On March 17, 2006, the three-judge panel in Defendant's case entered an order resubmitting the case for determination, noting that although the mandate in *Gourde* had not yet issued because of reasons relating to sentencing, "the en banc court opinion discussing probable cause has been filed, and no reason exists for further deferral of submission in *United States v. Evans*." On March 20, 2006, the panel filed its memorandum disposition which affirmed Judge McDonald's denial of Defendant's motion to suppress. Specifically citing the March 9, 2006 *en banc* decision in *Gourde*, the panel found the magistrate judge could have permissibly concluded from the agent's affidavit that there was a fair probability that evidence of the distribution of child pornography would be found at Defendant's residence.

On April 3, 2006, Defendant filed a "Petition For Rehearing And Suggestion For Rehearing En Banc." On April 27, 2006, the three-judge panel denied the petition for panel rehearing and the petition for rehearing *en banc*. The panel unanimously voted to deny the petition for panel rehearing. Two of the panel judges voted to deny the petition for rehearing *en banc*, and the remaining judge so recommended. The petition for rehearing *en banc* was circulated to the full court and no judge requested a vote on whether to hear the matter *en banc*. The Ninth Circuit issued its mandate on May 4, 2006. Defendant subsequently

**ORDER STAYING**
**28 U.S.C. §2255 MOTION-        2**

filed a petition for writ of certiorari with the United States Supreme Court which was denied on October 2, 2006.

In the 28 U.S.C. §2255 motion filed with this court, Defendant contends his counsel on direct appeal rendered constitutionally ineffective assistance by failing, in his "Petition For Rehearing And Suggestion For Rehearing En Banc," to make any argument about the *en banc* decision in *Gourde*, and in failing to argue the decision did not control the outcome of Defendant's appeal. In a footnote in his memorandum in support of his motion (n. 9 at p. 18), Defendant acknowledges "he may have to still file a motion with the Ninth Circuit to recall the mandate, which is independent of this [§2255 motion]." Defendant indicates he has filed the §2255 motion "because the time limits of the Anti-Terrorism and Effective Death Penalty Act of 1996 are set to expire, and he does not want to be time-barred in the event that a court later holds that a 2255 petition is his exclusive remedy."

It appears to this court that the §2255 relief sought by Defendant puts this court in the position of reviewing the Ninth Circuit panel's decision and affirming or reversing the same, and in turn affirming or reversing the decision to deny panel rehearing and rehearing *en banc*. The panel considered the *en banc* decision in *Gourde* and it is not unreasonable to believe that the full court, which on April 27, 2006, denied Defendant's petition for rehearing *en banc*, was aware of the *en banc* decision in *Gourde* which had been issued just a few weeks earlier on March 9, 2006.

Accordingly, this court deems the prudent course is to direct that Defendant file with the Ninth Circuit a motion to recall the mandate in his case and seek to reopen the case on appeal so he can file a new "Petition For Rehearing And Suggestion For Rehearing En Banc." The Ninth Circuit should be made aware that Defendant has filed a motion for §2255 relief in the district court. Therefore, this court will direct that a copy of this order and a copy of Defendants' §2255

**ORDER STAYING**
**28 U.S.C. §2255 MOTION-            3**

motion and memorandum be appended to Defendant's motion to recall the mandate. If the Ninth Circuit denies the motion to recall mandate, perhaps it will advise whether §2255 relief remains available to Defendant. Pending final disposition of Defendant's motion to recall mandate, Defendant's §2255 motion is **STAYED** and the government need not respond to the motion until so directed by this court.[1]

    **IT IS SO ORDERED**. The District Executive shall forward copies of this order to the U.S. Attorney (Yakima) and to counsel for defendant.

    DATED this __28th__ of September, 2007.

*s/Lonny R. Suko*
_____
LONNY R. SUKO
United States District Judge

---

[1] §2255 provides in relevant part:

> Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

**ORDER STAYING**
**28 U.S.C. §2255 MOTION-**        **4**