UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>vs.<br>PAUL J. EVANS,<br>Defendant. | No. CR-04-2053-LRS<br>**ORDER DENYING §2255 MOTION** |

**BEFORE THE COURT** is the Defendant's 28 U.S.C. §2255 Motion To Vacate Or Set Aside Conviction (Ct. Rec. 102). The motion is heard without oral argument.

## I. BACKGROUND

On July 1, 2004, the Honorable Alan A. McDonald entered an order denying the Defendant's motion to suppress, finding that the application for a search warrant of the Defendant's residence provided probable cause to support issuance of the warrant. Defendant subsequently entered a conditional plea of guilty to possession of child pornography, preserving his right to appeal the order, and was sentenced to a period of 70 months incarceration. On October 8, 2004, Defendant filed an appeal with the Ninth Circuit Court of Appeals. After the matter was argued on December 7, 2005 before a three-judge panel, the Ninth Circuit issued an order on December 14, 2005, withdrawing submission of the case and deferring the same pending the issuance of a mandate in *United States v. Gourde*. The panel deferred its decision pending the Ninth Circuit's en banc decision in *Gourde*.

On September 2, 2004, a panel of the Ninth Circuit issued a decision in

*Gourde*, 382 F.3d 1003 (9th Cir. 2004), reversing a defendant's child pornography conviction on Fourth Amendment grounds. On July 14, 2005, the Ninth Circuit granted *en banc* review in *Gourde*. 416 F.3d 961 (9th Cir. 2005). On March 9, 2006, the Ninth Circuit issued its en banc decision which overturned the panel decision and affirmed the defendant's conviction. 440 F.3d 1065 (9th Cir. 2006).

On March 17, 2006, the three-judge panel in Defendant's case entered an order resubmitting the case for determination, noting that although the mandate in *Gourde* had not yet issued because of reasons relating to sentencing, "the en banc court opinion discussing probable cause has been filed, and no reason exists for further deferral of submission in *United States v. Evans*." On March 20, 2006, the panel filed its memorandum disposition which affirmed Judge McDonald's denial of Defendant's motion to suppress. Specifically citing the March 9, 2006 en banc decision in *Gourde*, the panel found the magistrate judge could have permissibly concluded from the agent's affidavit that there was a fair probability that evidence of the distribution of child pornography would be found at Defendant's residence.

On April 3, 2006, Defendant filed a "Petition For Rehearing And Suggestion For Rehearing En Banc." On April 27, 2006, the three-judge panel denied the petition for panel rehearing and the petition for rehearing en banc. The panel unanimously voted to deny the petition for panel rehearing. Two of the panel judges voted to deny the petition for rehearing en banc, and the remaining judge (a senior district judge sitting by designation) so recommended. The petition for rehearing en banc was circulated to the full court and no judge requested a vote on whether to hear the matter en banc. The Ninth Circuit issued its mandate on May 4, 2006. Defendant subsequently filed a petition for writ of certiorari with the United States Supreme Court which was denied on October 2, 2006.

In his §2255 motion, Defendant contends his counsel on direct appeal rendered constitutionally ineffective assistance by failing, in his "Petition For

Rehearing And Suggestion For Rehearing En Banc," to make any argument about the en banc decision in *Gourde*, and in failing to argue the decision did not control the outcome of Defendant's appeal. In a footnote in his memorandum in support of his motion (n. 9 at p. 18, Ct. Rec. 103), Defendant acknowledged "he may have to still file a motion with the Ninth Circuit to recall the mandate, which is independent of this [§2255 motion]." On September 28, 2007, this court entered an "Order Staying 28 U.S.C. §2255 Motion" (Ct. Rec. 107), directing Defendant to file with the circuit a motion to recall the mandate. Defendant filed such a motion and on October 16, 2007, the three-judge panel which affirmed Defendant's conviction on direct appeal, entered an order denying the motion and noted that Defendant's §2255 motion was not precluded by said order. On December 10, 2007, this court lifted its stay and directed the government to file a response to the motion.

## II. DISCUSSION

In a §2255 motion based on ineffective assistance of counsel, the movant must prove: (1) counsel's performance was deficient, and (2) movant was prejudiced by such deficiency. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052 (1984). In the appeal setting, the movant must show counsel's advice, errors or omissions, fell below an objective standard of reasonableness and there is a reasonable probability that, but for counsel's unprofessional errors, the movant would have prevailed on appeal. *Miller v. Keeney*, 882 F.2d 1428, 1433-34 (9th Cir. 1989).

In his opening brief on direct appeal to the Ninth Circuit, Defendant's counsel, citing *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317 (1983), noted that whether an affidavit in support of a search warrant is supported by sufficient probable cause is a determination to be made based on the "totality of the circumstances." (Ex. 2 to Ct. Rec. 112 at p. 48). In his 48 page brief, Defendant's

counsel cited in detail the particular circumstances in Defendant's case which he believed did not establish probable cause (i.e., no information or evidence existed that Defendant was in actual possession of any child pornography; no information given as to the basis or foundation of information obtained by virtue of the CyberTipline Report; toll records from a time period outside the time period of an alleged upload of pornographic images). (*Id*. at pp. 48-55). In support of his argument, counsel specifically cited to *United States v. Gourde*, 382 F.3d 1003 (9th Cir. 2004), and the discussion therein of *United States v. Lacy*, 119 F.3d 742 (9th Cir. 1997), and *United States v. Hay*, 231 F.3d 630 (9th Cir. 2003). (*Id*. at pp. 53-55). The panel in *Gourde* noted that those cases "emphasized the importance of evidence bearing on a defendant's actual possession of child pornography." 382 F.3d at 1010. The panel in *Gourde* consisted of Circuit Judges Brunetti, McKeown and Gould. Judge Brunetti authored the opinion for the panel. Judge Gould concurred in the result (reversal of the defendant's conviction), the logic of which he believed was compelled by the Ninth Circuit precedent of *Lacy* and *Hay* and "the panel opinion's persuasive application of this precedent." *Id*. at 1014. Gould added, however, that:

> [W]ere I to examine anew the issue whether law enforcement officials had probable cause to search Gourde's room and home computer for downloaded images of child pornography, and were I free to look only at first principles and Supreme Court precedent, I would be more inclined to decide that there was probable cause for this search made upon a warrant.
>
> . . . .
>
> The evidence collected by law enforcement officers, and submitted to the magistrate who issued the warrant, was sufficient to show a "fair probability" that if police searched Gourde's computer and room, they likely would find the contraband that they suspected lay within. *Illinois v. Gates*, 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). The probable cause standard does not require certainty, but only such a fair probability.

*Id*.

Judge Gould's concurring opinion turned out to be prophetic in light of the subsequent en banc opinion in *Gourde* which superseded the panel opinion.

Judge Gould was on the three-judge panel that considered Defendant's appeal (along with Judges Berzon and Schwarzer). Judge Gould was also on the en banc panel in *Gourde* and so, to no surprise, submission of Defendant's case was deferred pending the en banc decision in *Gourde*. The en banc decision in *Gourde* affirmed the defendant's conviction in that case, finding that based on the "totality of the circumstances," the magistrate judge who issued the warrant made a "practical common-sense decision" that there was a "fair probability" that child pornography would be found on the defendant's computer. *United States v. Gourde*, 440 F.3d 1065, 1066 (9th Cir. 2006), citing *Illinois v. Gates*, 462 U.S. at 238. The en banc decision noted that Gourde sought to sidestep the "fair probability" standard by arguing that probable cause was lacking because the government could have determined with certainty whether he actually downloaded illegal images. *Id*. at 1072. In so doing, the en banc decision rejected the notion that there must be evidence bearing on a defendant's actual possession of child pornography to establish probable cause. *Id*. at 1066 ("Gourde claims that the affidavit in support of the search lacked sufficient indicia of probable cause because it contained no evidence that Gourde actually downloaded or possessed child pornography. We disagree.").

Following the en banc decision in *Gourde*, the three-judge panel in Defendant's case (Gould, Berzon and Schwarzer) considered the en banc decision. Citing the en banc decision, as well as *Illinois v. Gates*, 462 U.S. at 238, the panel found "[t]he magistrate judge could permissibly conclude that there was a fair probability that evidence of the distribution of child pornography in violation of 18 U.S.C. §2252(a)(2) would be found at [Defendant's] residence." (Ex. 4 to Ct. Rec. 103 at p. 50).

Defendant's counsel then filed a "Petition For Rehearing And Suggestion

For Rehearing En Banc" (Petition) which the Ninth Circuit construed as both a petition for panel rehearing and as a petition for rehearing en banc. (Ex. 5 to Ct. Rec. 103 at p. 54). As grounds for rehearing, the Petition asserted:

> The Affidavit in Support of the Search Warrant for the residence at 110 Kinne Lane, Selah, WA fails to establish probable cause for the search of that residence. The Appellate Court's memorandum opinion overlooks the fact that the CyberTipLine (sic) report is an anonymous, uncorroborated tip.

(Ex. 5 to Ct. Rec. 103 at p. 55).[1]

While it is true the Petition did not specifically mention the en banc decision in *Gourde*, or discuss the particular facts in *Gourde* and attempt to distinguish them, the Petition did ask the court of appeals to revisit their "totality of the circumstances" analysis. The Petition contained a shortened summary version of the "circumstances" which counsel had detailed in his opening and reply briefs submitted to the panel. (Ex. 5 to Ct. Rec. 103).

This court concludes that counsel's performance was not objectively unreasonable in failing to cite the en banc *Gourde* decision in the "Petition For

---

[1] Petitions for panel rehearing are governed by Fed. R. App. P. 40 which at subsection (a)(2) provides that "[t]he petition must state with particularity each point of law or fact that the petitioner believes the court has overlooked or misapprehended and must argue in support of the petition." Petitions For Rehearing En Banc are governed by Fed. R. App. P. 35 which at subsection (b)(1)(A) provides that the petition must begin with a statement that the panel decision conflicts with a decision of the United States Supreme Court or of the court to which the petition is addressed and consideration by the full court is therefore necessary. Defendant contends that Fed. R. App. P. 35 controlled here because what his counsel filed was both a petition for panel rehearing and a petition for rehearing en banc. According to Defendant, his counsel did not comply with Fed. R. App. P. 35 because he did not cite the en banc *Gourde* decision as conflicting with the panel decision in that case. For reasons discussed below, the court concludes that the failure to cite the en banc *Gourde* decision was not objectively unreasonable. Moreover, the Ninth Circuit Court of Appeals did not cite any procedural deficiencies as a basis for denying the Defendant's "Petition For Rehearing And Suggestion For Rehearing En Banc."

Rehearing And Suggestion For Rehearing En Banc," and in failing to distinguish the facts in *Gourde*. The significance of the en banc *Gourde* decision was the Ninth Circuit's recognition that the "totality of the circumstances" test articulated by the U.S. Supreme Court in *Gates* is controlling when it comes to assessing whether an affidavit establishes probable cause for the issuance of a search warrant. When Judge Gould in his concurring panel opinion in *Gourde* referred to "Supreme Court precedent," he was clearly referring to *Gates* as making him "more inclined to decide that there was probable cause for this search made upon a warrant." 382 F.3d at 1014. Contrary to Defendant's assertion, the panel opinion in his case did not conclude that Defendant's case was controlled by the en banc decision in *Gourde* (i.e., that affirmance of Gourde's conviction preordained affirmance of Defendant's conviction). Rather, the panel simply concluded that under the "totality of the circumstances" in Defendant's case, there was probable cause to support the issuance of a search warrant. This is evidenced by the fact that *Gates* and the en banc *Gourde* decision were cited together in the panel's opinion in conjunction with the panel's conclusion that "[t]he magistrate judge could permissibly conclude that there was a fair probability that evidence of the distribution of child pornography . . . would be found at [Defendant's] residence."

In his opening appellate brief (Ex. 2 to Ct. Rec. 112), in his reply appellate brief (Ex. 4 to Ct. Rec. 112), and in his "Petition For Rehearing And Suggestion For Rehearing En Banc" (Ex. 5 to Ct. Rec. 103), Defendant's counsel presented the "totality of the circumstances" in Defendant's case and argued there was insufficient probable cause to support the issuance of a search warrant. Indeed, the proposed "Petition For Rehearing And Suggestion For Rehearing En Banc" that Defendant says he would file if the court granted his §2255 motion, argues the same circumstances that his counsel on direct appeal argued as establishing there was no probable cause (i.e., logs of Defendant's computer activities from his Internet Service Provider showed he had not logged into the Internet during the

times when the files were uploaded; only information was that someone using the Defendant's e-mail moniker had uploaded child pornography to a website; third-hand information from unidentified sources that someone using the e-mail name of "jakirabbit" had uploaded the pictures ). (See Ex. 7 to Ct. Rec. 103 at pp. 74, 76-77, 83-86, and 91).

Furthermore, it is too great a stretch to assume the panel in Defendant's case, and, in particular, Judge Gould, was not familiar with the facts of the en banc *Gourde* decision at the time the panel opinion was issued, and at the time Defendant's "Petition For Rehearing And Suggestion For Rehearing En Banc" was denied. As noted, Judge Gould sat on the en banc court that determined *Gourde*. At the time the panel opinion was filed in Defendant's case on March 20, 2006, the en banc opinion in *Gourde* had been out for only two weeks, having been filed on March 6, 2006. At the time the order was filed on April 27, 2006, denying the "Petition For Rehearing And Suggestion For Rehearing En Banc," the en banc *Gourde* decision was still only six weeks old. In other words, the en banc *Gourde* decision was still very fresh in the minds of the Ninth Circuit judges. If the panel in Defendant's case had thought the particular facts in *Gourde* were significant in determining the outcome of Defendant's case (i.e., that Gourde had paid for access for two months to a website that actually purveyed child pornography), it is reasonable to assume there would have been some discussion of those facts in the panel opinion.

For all of these reasons, the court concludes that the performance of Defendant's counsel on direct appeal was not deficient. In turn, the court must conclude that panel rehearing and/or en banc rehearing would not have been granted even had the en banc *Gourde* decision and the facts thereof been specifically discussed in Defendant's "Petition For Rehearing And Suggestion For Rehearing En Banc."

## III. CONCLUSION

Defendant's §2255 motion (Ct. Rec. 102) is **DENIED**.

**IT IS SO ORDERED**. The District Executive shall forward copies of this order to counsel.

**DATED** this __3rd__ of March, 2008.

***s/Lonny R. Suko***

LONNY R. SUKO
United States District Judge