PROB 12B
(7/93)

Report Date: November 18, 2009

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

# United States District Court

## for the

## Eastern District of Washington

NOV 1 9 2009

JAMES R. LARSEN, CLERK
_____DEPUTY
SPOKANE, WASHINGTON

### Request for Modifying the Conditions or Term of Supervision
### with Consent of the Offender
*(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender:  Paul J. Evans                 Case Number: 2:04CR02053-001

Name of Sentencing Judicial Officer:  The Honorable Alan A McDonald, U.S. District Judge

Date of Original Sentence:  10/5/2004            Type of Supervision:   Supervised Release

Original Offense: Possession of Child Pornography            Date Supervision Commenced: 10/29/2009

Original Sentence:  Prison - 70 Months; TSR - 36            Date Supervision Expires: 10/28/2012
Months

---

### PETITIONING THE COURT

To modify the conditions of supervision as follows:

19      The defendant shall not possess or peruse any authentic, altered, or manufactured, in whatever form, material that depicts and/or describes "sexually explicit conduct," as defined in 18 U.S.C. § 2256(2) or "child pornography," as defined in 18 U.S.C. § 2256(8).

20      The defendant's employment must be approved in advance by the probation officer.  The defendant may not engage in any paid occupation or volunteer service that exposes him/her, either directly or indirectly, to minors, unless approved in advance by the probation officer.

21      The defendant shall participate in plethysmograph testing throughout the course of the defendant's supervision, as determined and directed by the therapist.  The plethysmograph testing is to determine patterns of sexual arousal.  The defendant shall contribute to the costs of the plethysmograph, according to his/her ability, as determined by the U.S. probation officer.

22      Te defendant shall submit to polygraph examinations at the request of his probation officer as part of the defendant's treatment program and throughout the course of his supervision.  The purpose of the polygraph examinations is to monitor for compliance with supervision and therapy conditions.

23      The defendant, who is required to register under the Sex Offender Registration and Notification Act, must comply with all requirements of that Act.  The defendant shall report the address where the defendant will reside and any subsequent change of residence to the probation officer responsible for supervision, and shall register as a sex offender in a jurisdiction where the person resides, is employed, or is a student. For initial registration purposes only, the defendant shall also register in the jurisdiction in which convicted if such jurisdiction is different from the jurisdiction of the residence. Registration must occur within three business days after sentencing (if the offender did not receive a prison sentence) or within three business days after being released from custody).

Prob 12B
**Re:  Evans, Paul J.**
**November 18, 2009**
**Page 2**

24    The defendant shall participate in a sexual deviancy evaluation conducted by a sexual deviancy treatment provider, as directed and approved by the U.S. probation officer.  The treatment provider shall be trained and experienced in the treatment of sexual deviancy, and follow the guideline practices established by the Associate for the Treatment of Sexual Abusers (ATSA).  The sexual deviancy evaluation may include psychological and physiological testing.  The defendant shall disclose all previous sex offender or mental health evaluations to the treatment provider.  The defendant shall also contribute to the costs of the evaluation, according to his/her ability, as determined by the U.S. probation officer.

25    The defendant shall actively participate and make reasonable progress in the certified sexual deviancy treatment program, as designed by the U.S. probation officer. The sexual deviancy treatment program shall follow the guideline practices established by the Association for the Treatment of Sexual Abusers (ATSA). The program shall offer individuals and group sessions, and appropriate testing, to determine the defendant's patterns of sexual arousal, and to monitor the defendant's progress and compliance with treatment goals and conditions of supervision. The defendant shall disclose all previous sex offender and mental health evaluations to the treatment provider. The defendant shall also contribute to the costs of treatment, according to his/her ability, as determined by the U.S. probation officer.

26    The defendant shall follow all rules, to include other lifestyle restrictions by the defendant's therapist, and continue with those rules and restrictions as they pertain to avoiding risk situations throughout the course of the defendant's supervision.

27    The defendant shall not go to places nor loiter within 100 feet of an area where minors are known to frequent without the prior approval of the probation officer and the sexual deviancy therapist.  The defendant shall not affiliate with, own, control, volunteer, and/or be employed, in any capacity, by an organization in an activity, which would place him/her in direct or indirect contact with children under the age of 18.

28    The defendant shall have no direct or indirect contact with any children under the age of 18, unless accompanied and supervised by an adult, who has been approved in advance by the sexual deviancy therapist and the supervising probation officer.  The defendant shall immediately report any unauthorized contact with children to the probation officer and sexual deviancy therapist.

29    The defendant's residence shall be pre-approved by the probation office.  The defendant shall not reside in direct view of places used primarily by minors, such as school yards, parks, public swimming pools, or recreational centers, playgrounds, youth centers, video arcade facilities, or other places primarily used by children under the age of 18.

30    The defendant shall provide the probation officer with access to any requested financial information including authorization to conduct credit checks and obtain copies of the defendant's Federal income tax returns.

**CAUSE**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:    November 18, 2009

s/Stephen Krous

U.S. Probation Officer

THE COURT ORDERS

[  ]    No Action
[  ]    The Extension of Supervision as Noted Above
[X]    The Modification of Conditions as Noted Above
[  ]    Other

_____
Signature of Judicial Officer

11/19/09
_____
Date

US PROBATION EVERE

PROB 49
(5-97)

# United States District Court

### EASTERN District of Washington
### Docket Number: 2:04CR02053-AAM

#### Waiver of Hearing to Modify Conditions of Supervised Release

I, Paul J. Evans, have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release or to the proposed extension of my term of supervision:

The defendant shall not possess or peruse any authentic, altered, or manufactured, in whatever form, material that depicts and/or describes "sexually explicit conduct," as defined in 18 U.S.C. § 2256(2) or "child pornography," as defined in 18 U.S.C. § 2256(8).

The defendant's employment must be approved in advance by the probation officer. The defendant may not engage in any paid occupation or volunteer service that exposes him/her, either directly or indirectly, to minors, unless approved in advance by the probation officer.

The defendant shall participate in plethysmograph testing throughout the course of the defendant's supervision, as determined and directed by the therapist. The plethysmograph testing is to determine patterns of sexual arousal. The defendant shall contribute to the costs of the plethysmograph, according to his/her ability, as determined by the U.S. Probation Officer.

The defendant shall submit to polygraph examinations at the request of his probation officer as part of the defendant's treatment program and throughout the course of his supervision. The purpose of polygraph examinations is to monitor for compliance with supervision and therapy conditions.

The defendant, who is required to register under the Sex Offender Registration and Notification Act, must comply with all requirements of that Act. The defendant shall report the address where the defendant will reside and any subsequent change of residence to the probation officer responsible for supervision, and shall register as a sex offender in any jurisdiction where the person resides, is employed, or is a student. For initial registration purposes only, the defendant shall also register in the jurisdiction in which convicted if such jurisdiction is different from the jurisdiction of the residence. Registration must occur within three business days after sentencing (if the offender did not receive a prison sentence) or within three business days after being released from custody.)

The defendant shall participate in a sexual deviancy evaluation conducted by a sexual deviancy treatment provider, as directed and approved by the U.S. Probation Officer. The treatment provider shall be trained and experienced in the treatment of sexual deviancy, and follow the guideline practices established by the Association for the Treatment of Sexual Abusers (ATSA). The sexual deviancy evaluation may include psychological and physiological testing. The defendant shall disclose all previous sex offender or mental health evaluations to the treatment provider. The defendant shall also contribute to the costs of the evaluation, according to his/her ability, as determined by the U.S. Probation Officer.

The defendant shall actively participate and make reasonable progress in a certified sexual deviancy treatment program, as designated by the U.S. Probation Officer. The sexual deviancy treatment program shall follow the guideline practices established by the Association for the Treatment of Sexual Abusers (ATSA). The program shall offer individual and group sessions, and appropriate testing, to determine the defendant's patterns of sexual arousal, and to monitor the defendant's progress and compliance with treatment goals and conditions of supervision. The defendant shall disclose all previous sex offender or mental health evaluations to the treatment provider. The defendant shall also contribute to the costs of treatment, according to his/her ability, as determined by the U.S. Probation Officer.

The defendant shall follow all rules, to include other lifestyle restrictions by the defendant's therapist, and continue with those rules and restrictions as they pertain to avoiding risk situations throughout the course of the defendant's supervision.

The defendant shall not go to places nor loiter within 100 feet of an area where minors are known to frequent without the prior approval of the probation officer and the sexual deviancy therapist. The defendant shall not affiliate with, own, control, volunteer, and/or be employed, in any capacity, by an organization in an activity, which would place him/her in direct or indirect contact with children under the age of 18.

The defendant shall have no direct or indirect contact with any children under the age of 18, unless accompanied and supervised by an adult, who has been approved in advance by the sexual deviancy therapist and the supervising probation officer. The defendant shall immediately report any unauthorized contact with children to the probation officer and sexual deviancy therapist.

The defendant's residence shall be pre-approved by the probation office. The defendant shall not reside in direct view of places used primarily by minors, such as school yards, parks, public swimming pools, or recreational centers, playgrounds, youth centers, video arcade facilities, or other places primarily used by children under the age of 18.

The defendant shall provide the probation officer with access to any requested financial information including authorization to conduct credit checks and obtain copies of the defendant's federal income tax returns.

Witness: _____    Signed: _____
U.S. Probation Officer                    Supervised Releasee

9/6/09
Date